ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 2 4 2017

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. |
| v. | |
| GENABOLIX USA, INC., A NEVADA CORPORATION (1) SHANGHAI YONGYI BIOTECHNOLOGY, CO., LTD., A CHINESE CORPORATION (2) HU CHANG CHUN a/k/a "JAMES HU" (3) GAO MEI FANG a/k/a "AMY GAO" (4) ZHANG XIAO DONG a/k/a "MARK ZHANG" (5) | 3-17CR-546-DL |

## INDICTMENT

The Grand Jury Charges:

At all times material to the indictment:

## The Defendants

1.      Genabolix USA, Inc. ("Genabolix") was a Nevada corporation that sold and imported into the United States chemicals and purported dietary supplement ingredients.

2.      Shanghai Yongyi Biotechnology, Co., Ltd. ("Shanghai Yongyi") was a Chinese company that exported chemicals and purported dietary supplement ingredients to the United States.

3.      Hu Chang Chun (a.k.a. James Hu) ("James Hu") was a principal of Genabolix and Shanghai Yongyi and was responsible for the firms' operations.

4.     Gao Mei Fang (a.k.a. Amy Gao) ("Amy Gao") was a principal of Genabolix and Shanghai Yongyi and was responsible for the firms' operations.

5.     Zhang Xiao Dong (a.k.a. Mark Zhang) ("Mark Zhang") was the Sales Manager of Genabolix and handled many of the company's sales activities.

### The Regulatory Agency

6.     The United States Food and Drug Administration ("FDA") was the federal agency charged with the responsibility of protecting the health and safety of the public by enforcing the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301-399f ("FDCA"). One of the purposes of the FDCA was to ensure that foods entering interstate commerce are safe to eat and bear labeling containing true and accurate information.

7.     The FDCA defined "food" as "articles used for food or drink for man or other animals" and "articles used for components of any such article." 21 U.S.C. § 321(f)(1) and (3); 21 U.S.C. § 321(s). The FDCA defined a dietary supplement, in part, as "a product (other than tobacco) intended to supplement the diet that bears or contains one or more of the following dietary ingredients. . . (A) a vitamin; (B) a mineral; (C) an herb or other botanical. . . ." 21 U.S.C. § 321(ff)(1). A dietary supplement was deemed to be a food within the meaning of the FDCA. 21 U.S.C. § 321(ff).

8.     Food was misbranded under the FDCA if its labeling was "false or misleading in any particular." 21 U.S.C. § 343(a)(1).

## Workout and Weight Loss Supplements

9.      Two major segments of the dietary supplement industry were workout supplements and weight-loss supplements.  These segments focused, respectively, on products purporting to heighten the impact of exercise and products purporting to help consumers lose weight.  Some workout and weight-loss supplements contained ingredients with purported "stimulant" properties.

10.     Workout supplements with strong stimulant properties could become popular products that would earn substantial revenue.

11.     Due to safety concerns as well as increased compliance efforts, multiple major American dietary supplement retailers refused to carry supplements they knew to contain certain synthetic stimulant ingredients, including 2-amino-6-methylheptane ("DMHA"), 1,3-dimethylamylamine ("1,3-DMAA"), and 2-amino-5-methylhexane HCl ("1,4-DMAA").

Count One
Mail Fraud
(Violation of 18 U.S.C. § 1341)

12.     The Grand Jury re-alleges and incorporates by reference all of the allegations set

out in Paragraphs 1 through 11 of this indictment as though fully set forth herein.

13.     From in or around February 2017 until in or around August 2017, in the Dallas

Division of the Northern District of Texas and elsewhere, the defendants, **Genabolix**,

**Shanghai Yongyi**, **James Hu**, **Amy Gao**, and **Mark Zhang**, with intent to defraud,

knowingly devised and intended to devise a scheme and artifice to defraud and to obtain

money and property by materially false and fraudulent pretenses, representations, and

promises.

## Purpose of the Scheme and Artifice to Defraud

14.     The purpose of the scheme and artifice to defraud was to profit from the sale of a

mislabeled dietary supplement containing synthetic stimulant ingredients that major

American dietary supplement retailers would not carry if the supplement was properly

labeled.

## Manner and Means of the Scheme and Artifice to Defraud

15.     It was part of the scheme and artifice to defraud that the defendants agreed with a

confidential informant ("CI") to provide synthetic stimulant ingredients to the CI's

company for use in a new dietary supplement.  The defendants believed that the

ingredients they provided would not be accurately listed on the labels of the dietary

supplement produced with those ingredients.  Instead, as the defendants knew, it was part

of the scheme and artifice to defraud that the synthetic stimulant ingredients would be

omitted from the ingredient label of the dietary supplement so that major dietary supplement retailers would sell the product. It was also part of the scheme and artifice to defraud that the defendants would continue to supply the stimulant ingredients to the CI for the new dietary supplement.

16.     It was part of the scheme and artifice to defraud that **Genabolix** sent to the CI, via interstate commerce, sample synthetic stimulant ingredients mislabeled on a shipping document as "L-lucene." One of the sample ingredients, which the defendants mislabeled as "L-lucene" and represented to the CI as being the stimulant DMHA, was actually the stimulant DMAA.

17.     It was part of the scheme and artifice to defraud that the defendants attempted to import into the United States a shipment of 1,4-DMAA. After the FDA detained that shipment, it was further part of the scheme and artifice to defraud that the defendants sent to the CI unmarked drums holding what a packing list described as 1,4-DMAA. In reality, the containers held 1,3-DMAA.

18.     On or about June 8, 2017, in the Northern District of Texas and elsewhere, for the purpose of executing and attempting to execute the scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, **Genabolix**, **Shanghai Yongyi**, **James Hu**, **Amy Gao**, and **Mark Zhang** did knowingly cause to be delivered by private and commercial interstate carriers, according to the direction thereon, a shipment of 50 kg of 1,3-DMAA from California to Dallas, Texas.

        All in violation of 18 U.S.C. § 1341.

Count Two
Obstruction of an Agency Proceeding
(Violation of 18 U.S.C. § 1505 and 18 U.S.C. § 2)

19.     The Grand Jury re-alleges and incorporates by reference all of the allegations set

out in Paragraphs 1 through 11 and 14 through 18 of this indictment as though fully set

forth herein.

20.     In or around May through August 2017, FDA was conducting a review of a

shipment of purported 1,4-DMAA that Genabolix attempted to import into the United

States, a portion of which was destined for delivery to Dallas, Texas.

21.     **Genabolix**, **Shanghai Yongyi**, and **Amy Gao** were aware of, and corruptly

attempted to obstruct and impede, FDA's review by making and causing to be made false

and misleading statements to the government in or around June 2017, including the

statement that the shipment of 1,4-DMAA was not intended for human consumption.

22.     Beginning in or around May 2017, in the Dallas Division of the Northern District

of Texas and elsewhere, and continuing until in or around August 2017, the defendants,

**Genabolix**, **Shanghai Yongyi**, and **Amy Gao**, aiding and abetting one another, did

corruptly influence, obstruct, impede and endeavor to influence, obstruct and impede the

due and proper administration of law under which a proceeding was being held before the

United States Food and Drug Administration, an agency of the United States.

        All in violation of 18 U.S.C. § 1505 and 18 U.S.C. § 2.

Count Three
Smuggling
(Violation of 18 U.S.C. §§ 545 and 2)

23.    The Grand Jury re-alleges and incorporates by reference all of the allegations set out in Paragraphs 1 through 11, 14 through 18, and 20 through 21 of this Indictment as though fully set forth herein.

24.    On or about June 12, 2017, in the Northern District of Texas and elsewhere, the defendants, **Genabolix**, **Shanghai Yongyi**, and **Amy Gao**, knowingly and willfully, with intent to defraud the United States, made out and passed, and attempted to pass, through the customhouse a false, forged, and fraudulent document—namely, a letter falsely stating that the substance **Genabolix** was attempting to import was not to be used for human consumption.

    All in violation of 18 U.S.C. §§ 545 and 2.

<u>Count Four</u>
Introduction of Misbranded Food Into Interstate Commerce
(Violation of 21 U.S.C. §§ 331(a) and 333(a)(1))

25.     The Grand Jury re-alleges and incorporates by reference all of the allegations set out in Paragraphs 1 through 11, 14 through 18, and 20 through 21 of this Indictment as though fully set forth herein.

26.     On or about June 5, 2017, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants, **Genabolix**, **Shanghai Yongyi**, **James Hu**, and **Amy Gao**, caused the introduction and delivery for introduction into interstate commerce of a misbranded food, 1,3-DMAA, from California to Dallas, Texas.  The food was misbranded under the FDCA because a packing list accompanying the shipment stated that it contained 1,4-DMAA, when in actuality the shipment contained 1,3-DMAA, making its labeling false and misleading within the meaning of 21 U.S.C. § 343(a)(1).

        All in violation of 21 U.S.C. §§ 331(a) and 333(a)(1).

Forfeiture Notice
(18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 982(a)(3)(E)
and 28 U.S.C. § 2461(c))

27.     The allegations contained in Count One of this indictment are hereby realleged and incorporated by reference for the purpose of criminal forfeiture.

28.     Upon conviction for the offense set forth in Count One of this indictment, the defendants, **Genabolix**, **Shanghai Yongyi**, **James Hu**, **Amy Gao**, and **Mark Zhang**, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(3)(E) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

29.     Upon conviction for the offense set forth in Count Three of this indictment, the defendants **Genabolix**, **Shanghai Yongyi**, and **Amy Gao** shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(2)(B) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

30.     If any of the property described above, as a result of any act or omission of the defendants:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant

to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).


A TRUE BILL

FOREPERSON


KATE RUMSEY
Assistant United States Attorney
Northern District of Texas
Texas State Bar No. 24081130
1100 Commerce St., Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8600
E-mail:      kathryn.rumsey@usdoj.gov


DAVID SULLIVAN
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC  20044-0386
Telephone:   202-616-0219
E-mail:      david.sullivan2@usdoj.gov

PATRICK R. RUNKLE
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC  20044-0386
Telephone:    202-616-0219
E-mail:         patrick.r.runkle@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

GENABOLIX USA, INC., A NEVADA CORPORATION (1)
SHANGHAI YONGYI BIOTECHNOLOGY, CO., LTD.,
A CHINESE CORPORATION (2)
HU CHANG CHUN a/k/a "JAMES HU" (3)
GAO MEI FANG a/k/a "AMY GAO" (4)
ZHANG XIAO DONG a/k/a "MARK ZHANG" (5)

INDICTMENT

18 U.S.C. § 1341
Mail Fraud

18 U.S.C. § 1505 and 18 U.S.C. § 2
Obstruction of an Agency Proceeding

18 U.S.C. §§ 545 and 2
Smuggling

21 U.S.C. §§ 331(a) and 333(a)(1)
Introduction of Misbranded Food Into Interstate Commerce

18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 982(a)(3)(E)
and 28 U.S.C. § 2461(c)
Forfeiture Notice

4 Counts

A true bill rendered

-----------------------------------------------------------------

DALLAS                                                    FOREPERSON

Filed in open court this 24th day of October, 2017.


-----------------------------------------------------------------

**Warrant to be Issued - HU CHANG CHUN a/k/a "JAMES HU" (3)**
**Summons to Issue - GENABOLIX USA, INC., A NEVADA CORPORATION (1)**
**SHANGHAI YONGYI BIOTECHNOLOGY, CO., LTD., A CHINESE**
**CORPORATION (2)**

-----------------------------------------------------------------

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending