# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal Action No. **3:17-CR-546-L** |
| | § | |
| **ZHANG XIAO DONG (a.k.a MARK ZHANG)** | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Emergency Motion for Revocation of Release Order as to Zhang Xiao Dong, filed under seal on October 16, 2017 (Doc. 4). After careful review of the motion, Defendant's Response to Government's Motion for Revocation of Release Order, filed November 7, 2017 (Doc. 19), record, and applicable law, the court **grants** Emergency Motion for Revocation of Release Order as to Zhang Xiao Dong, **revokes** the October 12, 2017 release order of United States Magistrate Judge Nancy J. Koppe in the District of Nevada, and **orders** Zhang Xiao Dong **detained** pending trial in this matter.

## I. Factual and Procedural Background

On September 20, 2017, the Government filed a criminal complaint under seal in the Northern District of Texas against Defendant Zhang Xiao Dong (a.k.a. Mark Zhang) ("Zhang"), a Chinese national, and co-Defendants Hu Chang Chun ("Hu") and Gao Mei Fang ("Gao"). The criminal complaint alleged violations of 21 U.S.C. § 331 (Violation of the Federal Food, Drug, and Cosmetic Act), 18 U.S.C. § 1341 (Mail Fraud), and 18 U.S.C. § 1343 (Wire Fraud). The criminal complaint described Zhang's participation, as a sales manager for Genoblix USA, Inc. ("Genoblix"), in a mail fraud scheme to sell mislabeled dietary supplements containing hidden and risky stimulants

to major retailers in the United States, knowing that the retailers did not allow the stimulants to be included in products they sold, as the stimulants were banned by the United States Food and Drug Administration ("FDA"). Warrants were issued under seal on September 20, 2017, for Zhang's, Hu's, and Gao's arrest. Zhang and Gao were arrested on September 27, 2017, in Las Vegas. Hu remains at large. On September 28, 2017, Zhang and Gao were presented in the District of Nevada for an initial appearance on the criminal complaint. The parties stipulated to a continuance of the detention hearing until October 12, 2017. On October 10, 2017, Zhang filed a motion to be released pending trial in which he "acknowledge[d] that the lack of ties to the United States are grounds for a flight risk assessment," but he contended that a cash bond and other conditions of release would alleviate these concerns. *See* Gov't Ex. E (Mot. for Pretrial Release 2).

On October 12, 2017, Zhang and Gao both appeared before United States Magistrate Judge Nancy J. Koppe in the District of Nevada for a detention hearing. The magistrate judge ordered Gao detained before trial, finding him to be a flight risk. With respect to Zhang, however, the magistrate judge ordered him released on a $200,000 cash bond with conditions.[1] The Government requested a stay of Zhang's release until October 16, 2017, to allow it time to file a motion challenging her release order. The magistrate judge granted the Government's request for a stay. On October 16, 2017, the Government filed its Emergency Motion for Revocation of Release Order as to Zhang Xiao Dong (Doc. 4) in the Northern District of Texas in Criminal No. 3:17-MJ-696-BF. The Honorable Sidney A. Fitzwater, United States District Court Judge, acting in his capacity as duty judge, stayed

---

[1] These conditions include that Zhang: report immediately to pretrial services to be fitted with a GPS monitor; report to pretrial services daily; is subject to home detention and is only allowed to leave his residence to report to pretrial services, meet with an attorney, and attend court settings (otherwise he must seek permission from pretrial services prior to leaving his home); is not permitted to do any work for Genoblix or any work with dietary supplements; and is not permitted to leave the Northern District of Texas.

the order of the magistrate judge pending a ruling on the Government's motion, and allowed Zhang to file a response to the motion and the Government to file a reply. On November 7, 2017, Zhang filed Defendant's Response to Government's Motion for Revocation of Release Order (Doc. 19). The Government informed the court that it would not be filing a reply brief.

On October 24, 2017, the grand jury returned a four-count Indictment against Zhang, Gao, Hu, Genoblix (a Nevada corporation that sold and imported into the United States chemicals and purported dietary supplements), and Shanghai Yongyi Biotechnology Co., Ltd., a Chinese company that exported chemicals and purported dietary supplement ingredients to the United States. *See* Indictment (Doc. 6). In the Indictment, Zhang was charged with one count of Mail Fraud in violation of 18 U.S.C. § 1341. The nature and circumstances of the criminal offense with which Zhang is charged involve his active participation in a scheme with Hu, Gao, and a confidential human source ("CHS") to defraud major dietary supplement retailers in the United States by selling them mislabeled products secretly containing the dangerous stimulant DMAA, which retailers would not have knowingly put on their shelves.

The court has issued a Scheduling Order in this matter setting a jury trial date of January 16, 2018. Sch. Ord. (Doc. 26).

## II. Emergency Motion for Revocation of Release Order

The Government filed its motion, pursuant to 18 U.S.C. § 3145(a)(1), asking this court to revoke the magistrate judge's release order and direct that Zhang be detained pending trial in Dallas. In support, the Government argues that the conditions of release ordered by the magistrate judge will not reasonably assure Zhang's appearance at trial in Texas, or assure the safety of the public.

According to the Government, the considerations that led the magistrate judge to order co-Defendant Gao detained pending trial apply equally to Zhang. Specifically, the Government contends:

> Like Gao, who was ordered detained, Zhang is a foreign national with no meaningful ties to the United States who lives in a country from which extradition is not possible. Like Gao, Zhang participated in a scheme to hide dangerous stimulants in dietary supplements. Like Gao, Zhang faces a potentially lengthy sentence and overwhelming evidence based on his own emails and recorded statements.

Gov't's Mot. 12 (Doc. 4). In opposition, Zhang urges the court to follow the conditions of release set out by the magistrate judge, which he contends are sufficient to ensure his appearance at future court settings.[2]

### A. Legal Standard

"When the district court, pursuant to 18 U.S.C. § 3145(b), acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts *de novo* and makes an independent determination of the proper pretrial detention or conditions for release." *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985) (citations omitted). "Under the Bail Reform Act [the "Act"], a defendant shall be released pending trial unless a judicial officer determines that release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). "[T]he lack of reasonable assurance of *either* the defendant's appearance or the safety of others or the community is sufficient; both are not required." *Fortna*, 769 F.2d at 249 (citations omitted). "[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," a court must consider: "(1) the

---

[2] Zhang mistakenly asserts that Magistrate Judge Leen presided over the detention hearing. *See* Def.'s Resp. (Doc. 19). The record before the court, however, shows that Magistrate Judge Nancy J. Koppe presided over the detention hearing. *See* Doc. 12 (Criminal Docket for Case #2:17-mj-00943-PAL-2).

**Memorandum Opinion and Order - Page 4**

nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). "With respect to the quantum or character of proof, . . . the Act provides that the facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure *the safety* of any other person and the community shall be supported by clear and convincing evidence." *Fortna*, 769 F.2d at 250 (quoting § 3142(f)) (internal quotation marks omitted). In ascertaining whether risk of flight warrants detention, a preponderance of the evidence standard is used, and "the judicial officer should determine, from the information before him, that it is more likely than not that no condition or combination of conditions will reasonably assure the accused's appearance." *Id.* (citation omitted).

  **B.**  **Analysis**

 The court, having conducting a *de novo* review of the audio recording of Zhang's October 12, 2017, detention hearing, and based on the record presented, determines that the section 3142(g) factors weigh in favor of detention. With respect to the first section 3142(g) factor, the "nature and circumstances of the offense charged," Zhang is charged with one count of Mail Fraud in violation of 18 U.S.C. § 1341. The nature and circumstances of the criminal offense with which Zhang is charged involve his alleged active participation in a scheme with Hu and Gao, fellow employees of Genoblix, and a CHS, to defraud major dietary supplement retailers in the United States by selling them mislabeled products secretly containing the dangerous stimulant DMAA, which retailers would not have knowingly put on their shelves. If convicted, under the federal sentencing guidelines, Zhang would face a possible prison sentence of approximately 46-57 months, which presents a

motive to flee. This factor weighs in favor of detention. *See United States v. Stanford*, 630 F. Supp. 2d 751, 755 (S.D. Tex.), *aff'd*, 341 F. App'x 979 (5th Cir. 2009) (finding that the severity of the defendant's potential term of imprisonment weighed in favor of detention).

With respect to the second section 3142(g) factor, "the weight of the evidence against the person," the court determines that the Government has put forth sufficient evidence to support the charges against Zhang as set forth in the Indictment. The evidence against Zhang includes multiple recorded video conversations and e-mails directly from Zhang in furtherance of the alleged scheme described in the Indictment. The court believes the Government has met its burden in demonstrating the weight of evidence against Zhang and finds that this factor weighs in favor of his detention.

The third section 3142(g) factor, "the history and characteristics of the person," supports detention. In considering this factor, a court looks to available information regarding "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Like his co-Defendant Gao, who was ordered detained pending trial due to the risk of flight, Zhang has extensive ties to China and virtually no personal ties in the United States. Further, with respect to his history and character, the criminal complaint and indictment show that he participated in a fraudulent scheme to hide the truth concerning a proposed new dietary supplement.

The fourth section 3142(g) factor, "the nature and seriousness of the danger to any person or the community that would be posed by the person's release," has been considered by courts in the flight risk analysis. *See Stanford*, 341 F. App'x at 983 (observing that in ascertaining whether risk

**Memorandum Opinion and Order - Page 6**

of flight warrants detention, "neither party argue[d] that the fourth § 3142(g) factor, 'the nature and seriousness of the danger to any person or the community that would be posed by the person's release,' is applicable to Stanford, [and] the district court made no findings of fact with respect to this element."). Based on e-mails and video recordings, Zhang helped conceal the importing and distribution of dangerous synthetic stimulants which would be marketed by retailers of dietary supplements to consumers in the United States. The court determines that this factor also weighs in favor of detention.

The evidence and record as a whole do not support the magistrate judge's release order. The court sees little reason, if any, to differentiate between Gao, whom the magistrate judge ordered detained, and Zhang. Although Zhang's possible sentence, if convicted, might be less than Gao's, as Gao would likely be subject to a higher guideline range as a leader or organizer, the difference is not significant enough to alter the determination of whether to detain a foreign national with no ties to the community, especially considering the Government's inability to extradite Zhang from China if he flees. Further, the magistrate judge found it significant in releasing Zhang (while detaining Gao) that pretrial services was able to verify more personal information about Zhang, including about his family situation in China, than about Gao. It is unclear how confirmed details about Zhang's life in China are pertinent to the inquiry as to whether he is less likely to flee than Gao.

The totality of the factors considered above warrants detention of Zhang. The court finds that the Government has shown by a preponderance of the evidence that Zhang poses a flight risk. He has the motive and likely has the means to flee, as he works for a company, Genoblix, that has been charged with committing criminal acts and possesses more than adequate financial resources that could be used to assist Zhang to flee. Further, the United States does not have an extradition

**Memorandum Opinion and Order - Page 7**

agreement with China. The potential of a lengthy sentence of imprisonment and lack of ties to the community weigh in favor of Zhang's detention. Therefore, the court **concludes** that it is more likely than not that there is no condition or combination of conditions that will reasonably assure Zhang's presence at trial as required. 18 U.S.C. § 3142(e).

**III.    Conclusion**

For the reason herein stated, the court **grants** Emergency Motion for Revocation of Release Order as to Zhang Xiao Dong (Doc. 4). The October 12, 2017 release order of United States Magistrate Judge Nancy J. Koppe in the District of Nevada is **revoked**, and Defendant Zhang Xiao Dong is **ordered** to be detained pending trial.

**It is so ordered** this 22nd day of November, 2017.

                                                                      Sam A. Lindsay
                                                                       United States District Judge